IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CV-00009-MOC-WCM

| | |
|---|---|
| DJ-MT, LLC and DANIEL LARIMER, | ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| DJ3, LLC; The LANDING STRIP, INC.; SAVE A CHILD, LLC; and DENNIS HULSING; | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion for Leave to File a First Amended Answer and Counterclaim (the "Motion to Amend," Doc. 32).

I. Procedural History

On January 10, 2023, DJ-MT, LLC ("DJ–MT") and Daniel Larimer (collectively "Plaintiffs") filed their Complaint. Doc. 1.

On March 27, 2023, Defendants answered. Doc. 11.

On May 8, 2023, the Court entered a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 27) which, among other things, set a deadline of December 4, 2023 for the completion of court-enforceable discovery.

1

On July 28, 2023, Defendants filed the Motion to Amend and a supporting memorandum. Docs. 32, 32-5. Plaintiffs have responded and Defendants have replied. Docs. 34, 35.

## II. Plaintiffs' Allegations

Plaintiffs' Complaint describes a complex series of financial transactions that included two stock purchase agreements and three separate loans that were made to or for the benefit of Dennis Hulsing ("Hulsing") and/or Earth Fare 2020, Inc. ("Earth Fare"), a North Carolina company. Plaintiffs allege upon information and belief that Hulsing was or is the majority shareholder of Earth Fare, and that he is the company's president.

In connection with those transactions, and on or about April 12, 2021, an agreement (the "Option Side Letter") was entered which granted DJ-MT an option to purchase certain parcels of real property located in Buncombe County, North Carolina (the "Option Property") that were owned by DJ3, LLC ("DJ3"), The Landing Strip, Inc. ("TLS"), and Save a Child, LLC ("SAC"). Doc. 1 at ¶¶ 17, 23. Plaintiffs allege that a true and accurate copy of the Option Side Letter is attached to their Complaint as Exhibit A. Doc. 1-1.

Plaintiffs describe the Option Side Letter as being "the culmination of the series of transactions [referenced previously in the Complaint] in which Plaintiffs provided approximately $26,000,000.00 in investments and loans to" Defendants and Earth Fare. Doc. 1 at ¶ 18.

On or about April 6, 2022, DJ-MT exercised its option under the Option Side Letter. Id. at ¶ 27. However, Defendants subsequently refused to convey the Option Property. Id. at ¶¶ 29 – 43.

Plaintiffs have asserted a claim for breach of the Option Side Letter, plus claims for unjust enrichment, and piercing the corporate veil.

### III. Legal Standard

When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. —the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962); Equal Rts Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under

Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

IV. Discussion

By the Motion to Amend, Defendants request leave to file an Amended Answer that asserts a counterclaim for breach of the Option Side Letter and seeks specific performance of that agreement.

Defendants argue that allowing the amendment will not prejudice Plaintiffs because the proposed counterclaim is based on the same operative facts as Plaintiffs' claims. Defendants further assert that their proposed counterclaim involves negotiations that occurred after the filing of the Complaint, and that "[w]hile discovery has been initiated by both parties, neither party has answered written discovery and no depositions have occurred." Doc. 32-5 at 3. Defendants additionally contend that allowing the proposed amendment would not be futile, and that Defendants have not been dilatory in seeking leave to amend.

In response, Plaintiffs argue that Defendants do not have standing to assert a counterclaim for breach of the Option Side Letter and, in any event, have failed to plead their proposed counterclaim sufficiently under Rule 12(b)(6). Additionally, Plaintiffs contend that granting the Motion to Amend would be prejudicial because the motion was made four months after Defendants' initial answer was filed and relies on facts that were known to

4

Defendants earlier, and because allowing the amendment would "require Plaintiffs to expend additional time and resources responding to the allegations, preparing, briefing, and arguing a motion to dismiss…." Doc. 34 at 11.

The undersigned finds Defendants' position to be persuasive.

The timing of the Motion to Amend is not problematic. Discovery regarding the proposed counterclaim will involve much of the same information that has been, or likely will be, explored with regard to Plaintiffs' existing claims and, with court-enforceable discovery scheduled to conclude in early December 2023, the parties should have adequate time to complete that work.

With regard to Plaintiffs' primary objection, which is one of futility, Plaintiffs argue in part that, by the Motion to Amend, Defendants are attempting to force Plaintiffs to elect the remedy of specific performance under the Option Side Letter, when Plaintiffs have chosen to sue for monetary damages.

However, both sides agree that the Option Side Letter is a valid contract and the copy of that document attached to Plaintiffs' Complaint includes a section entitled "Equitable Remedies" which indicates the parties agreed that equitable relief would be available in the event of a breach or threatened breach. The proposed counterclaim alleges that Plaintiffs have

5

breached the Option Side Letter by refusing to accept the Option Property, as well as by other conduct. Doc. 32-1 at ¶¶ 50, 55.

If Defendants were to prevail on such a claim, Plaintiffs' claim for monetary damages would presumably be impacted. However, the Motion to Amend does not require the Court to assess the relative strengths of the parties' claims or to attempt to determine what may or may not occur at a later stage of the litigation. Rather, it requires the Court to decide whether Defendants should be allowed to plead that Plaintiffs have breached the same contract Plaintiffs contend Defendants have breached.

A futility review "is not equivalent to an evaluation of the underlying merits of the case. To the contrary, unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations … conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Glob. Locating Sys., LLC v. ShadowTrack 247, LLC, No. 1:19-CV-00225-MR, 2020 WL 2114381, at *3 (W.D.N.C. May 4, 2020) (quoting Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (internal quotations and alterations omitted)). The undersigned is not persuaded that Defendants' Motion should be denied on that basis.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion for Leave to File a First Amended Answer and Counterclaim (Doc. 32) is **GRANTED**, and Defendants are given **LEAVE TO FILE** the Amended Answer, Affirmative Defenses, and Counterclaim (Doc. 32-1) on or before September 29, 2023.

Signed: September 22, 2023

W. Carleton Metcalf
United States Magistrate Judge