IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00009-MOC-WCM

DJ-MT, LLC and DANIEL LARIMER, )
)
        Plaintiffs, )
v. )     ORDER
)
DJ3, LLC; THE LANDING STRIP, )
INC.; SAVE A CHILD, LLC; and )
DENNIS HULSING, )
)
        Defendants. )
_____ )

This matter is before the Court for the resolution of certain discovery disputes that were identified in the parties' Joint Memorandum (Doc. 50). The disputes related to subpoenas issued to George F. Goosman, IV (Doc. 42-1, the "Goosman Subpoena") and various financial institutions (Docs. 39-1, 40-1, 41-1, 45-1, the "Financial Institution Subpoenas") and were the subject of a conference that was conducted by the undersigned on January 11, 2024. This Order memorializes oral rulings that were made at the conclusion of that conference.

1. Defendants' objections to the Goosman Subpoena are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

    a. The Goosman Subpoena is **MODIFIED** to make clear that the subpoena does not seek information or documents that are subject

1

to the attorney-client privilege.

   b. Materials produced in response to the Goosman Subpoena shall be provided first to counsel for Defendants so that a privilege review may be performed. Promptly upon the completion of that review, Defendants shall produce all non-privileged materials that have been produced in response to the Goosman Subpoena to Plaintiffs' counsel, along with a privilege log that identifies any documents Defendants have redacted or withheld on the basis of the attorney-client privilege or work-product doctrine.

   c. The timeframe for the materials sought by the Goosman Subpoena is **MODIFIED** to be January 1, 2020 through and including September 28, 2023 (the date of the filing of Defendants' counterclaims).

   d. Otherwise, Defendants' objections to the Goosman Subpoena are **OVERRULED**.

2. Defendants' objections to the Financial Institution Subpoenas are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

   a. Materials produced in response to the Financial Institution Subpoenas shall be provided first to counsel for Defendants for a review. Promptly upon the completion of that review, Defendants shall produce all materials that have been produced in response to

2

the Financial Institution Subpoenas to Plaintiffs' counsel. For purposes of that production, the following **LIMITED PROTECTIVE ORDER** is **ENTERED:** Defendants may designate information and documents that are produced in response to the Financial Institution Subpoenas and that Defendants reasonably believe contain proprietary or sensitive commercial or financial information as "confidential". Until further order of the Court, materials so designated shall be used only for the purposes of this litigation, and shall be reviewed only by counsel for the parties, the parties, or their experts in this case. Any request that the terms of this limited protective order be expanded or modified may be made by motion by either party, or both parties, provided that any such motion **SHALL BE FILED** no later than **January 17, 2024.**

b. The timeframe for the materials sought by the Financial Institution Subpoenas is **MODIFIED** to be January 1, 2020 through and including September 28, 2023 (the date of the filing of Defendants' counterclaims).

c. Otherwise, Defendants' objections to the Financial Institution Subpoenas are **OVERRULED**.

3. Plaintiffs' oral motion requesting that the deadline for the completion of court-enforceable discovery be extended so that Plaintiffs may take one or more depositions is **DENIED WITHOUT PREJUDICE**.

Signed: January 11, 2024

W. Carleton Metcalf
United States Magistrate Judge